```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DORIAN TYRONE HART                           CRIMINAL ACTION

VERSUS                                       NO: 07-105

UNITED STATES OF AMERICA                     SECTION: R(5)


**ORDER AND REASONS**

Before the Court is Dorian Tyrone Hart's motion to vacate his sentence under 28 U.S.C. § 2255.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, the Court DENIES the motion.


**I.   BACKGROUND**

On March 16, 2007, the Government filed an indictment charging Tyrone Hart with one count of conspiracy to distribute five or more kilograms of a mixture or substance containing a detectable amount of cocaine hydrochloride in violation of 21 U.S.C. § 846, and one count of using a communication facility, a cellular telephone, in committing the conspiracy offense in violation of 21 U.S.C. § 843(b).[1]  Initially, Hart was charged with five co-defendants.  The Government filed a bill of information to establish that Hart had one earlier felony drug

---

    [1]   R. Doc. 37.

conviction.[2]

    Hart entered a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[3]  Under the plea agreement, the Government agreed (1) to move to dismiss count six of the indictment, charging Hart with the use of a communication facility to commit the conspiracy offense, at the time of sentencing; (2) not to charge Hart with any other violations of the Controlled Substances Act; (3) to charge Hart with one earlier drug conviction instead of the three that could have been charged, and that would have resulted in a mandatory life sentence upon conviction; (4) to file a motion with the Court stating that Hart timely accepted responsibility and was therefore entitled to a three-point reduction in offense level; (4) to inform the Court of any cooperation Hart rendered before sentencing.[4]  In exchange, and in addition to his guilty plea to the first count of the indictment and the bill of information charging him with an earlier felony drug conviction, Hart waived his right to contest his conviction or sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. §§ 2241 or 2255, except if he established ineffective assistance of counsel directly affected the validity of his waiver of appeal

---

    [2]    R. Doc. 79.

    [3]    R. Doc. 81.

    [4]    *Id.*

and collateral challenge rights or the validity of the guilty plea itself.[5]

On January 21, 2009, Hart was sentenced to twenty years of imprisonment on Count 1, the mandatory minimum penalty due to his admission of an earlier conviction for a felony drug offense.[6] Hart appealed to the Fifth Circuit.[7] Appellate counsel moved for leave to withdraw and filed an *Anders* brief.[8] On December 15, 2009, the Fifth Circuit affirmed Hart's conviction.[9] On March 14, 2011, Hart filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[10]

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or

---

[5] *Id.*

[6] R. Doc. 223.

[7] R. Doc. 225.

[8] *Anders* provides that when appointed appellate counsel has determined that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, counsel may file a brief establishing those facts and requesting permission of the court to withdraw from the case. 386 U.S. at 744-45; *see also United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

[9] R. Doc. 256.

[10] R. Doc. 264.

correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." *Rules Governing Section 2255 Proceedings*, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules*

*Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir. 2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s

5

harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III. DISCUSSION**

In his Section 2255 motion, Hart asserts three bases for relief. First, Hart argues that the factual basis of the plea is insufficient because the record does not establish that his "participation in the conspiracy directly involved and foreshadowed the distribution of five or more kilograms of cocaine."[11] Second, Hart argues that he was denied effective assistance of counsel because his trial counsel provided inadequate advice concerning the requirements for proving conspiracy under 21 U.S.C. § 841(b)(1)(A). Third, Hart argues that his appellate counsel was ineffective for failing to argue that there was an insufficient factual basis for his guilty plea on appeal.

**A.  Timeliness**

Section 2255(f) provides as follows:
A 1-year period of limitation shall apply to a motion under

---

[11]   *Id.*

>   this section. The limitation period shall run from the latest of –
>
>   > (1) the date on which the judgment of conviction becomes final;
>   >
>   > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   >
>   > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or;
>   >
>   > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Hart's conviction became final 90-days after the Fifth Circuit affirmed his conviction on December 15, 2009, when the time for seeking *certiorari* in the United States Supreme Court expired. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). This Court received Hart's motion for relief on March 14, 2011, which was within the one-year limitation period. Hart therefore timely filed his section 2255 motion.

   B.   **Waiver of Appeal Rights**

A defendant may waive his statutory right to appeal as part of a plea agreement. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief such as

28 U.S.C. § 2255 is valid if the waiver is informed and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). The defendant must know that he had "a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). It is the responsibility of the district court "to insure that the defendant fully understands his right to appeal and the consequences of waiving that right." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Here, the evidence indicates that Hart's waiver was both knowing and voluntary. His signed plea agreement contains an express waiver of his right to appeal or seek relief under section 2255.[12] That waiver states that

> "[e]xcept as otherwise provided ... the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence ... [and] waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[13]

---

[12] R. Doc. 81 at 2.

[13] *Id.*

In addition, during Hart's rearraignment, the Court summarized the indictment, noted the maximum terms of imprisonment under the statute, and specifically questioned Hart about his appeal waiver.  The Court asked the lawyers to review the terms of the plea agreement, and Hart confirmed that he understood the terms of the plea agreement and had reviewed it with his lawyer.  Hart attested that he understood that he was waiving his right to appeal or collaterally challenge his conviction or sentence except under the limited circumstances outlined in the plea agreement.  The Court specifically questioned Hart about his waiver of rights, and he confirmed that he knowingly waived his right to challenge his sentence as stated.  Hart's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Court finds that Hart fully understood the waiver of his right to appeal and the waiver of his right to file post-conviction motions when his plea was accepted.  Accordingly, the Court finds that Hart has waived the right to bring a post-conviction motion on the grounds of an insufficient factual basis, although he preserved his right to bring a collateral challenge on the grounds that ineffective assistance of counsel directly affected the validity of his guilty plea or waiver of appeal and collateral challenge rights.[14]

---

14      *Id.*

**C. Ineffective Assistance of Counsel**

To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). Petitioner must meet both prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)). As to the second *Strickland* prong, a petitioner

must show

> that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland*, 466 U.S. at 694. The Court need not reach the issue of whether counsel's performance was deficient if there is no prejudice to the defendant. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. The Fifth Circuit applies the same standard for ineffective assistance of counsel to trial and appellate counsel. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* test to cases involving guilty pleas. In the guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for the error. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Under the first prong of the *Strickland/ Hill* test, if a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56.

To meet the second, prejudice prong of the test, a petitioner must establish that but for his counsel's allegedly erroneous advice, he would not have pleaded guilty but would have insisted on going to trial. *Id.* at 59; *see also Armstead*, 37 F.3d at 206 (citing *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). This assessment, in turn, will depend in part on a prediction of what the outcome of a trial might have been. *Hill*, 474 U.S. at 56-58. For example, "where the alleged error by counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely upon whether the affirmative defense likely would have succeeded at trial." *Armstead*, 37 F.3d at 206. The "prejudice" element requires more than a mere allegation; the defendant must affirmatively prove it. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986).

*1. Trial Counsel*

In his motion to vacate, Hart states that his trial attorney advised him that it was "the aggregate quantity or weight of the cocaine distributed, or possessed with the intent to distribute, by the various members of the entire conspiracy that would be considered in establishing the quantity under § 841."[15] Hart argues that if he had been informed "that he could only be held

---

[15] R. Doc. 264.

12

responsible for the amount of cocaine...he was directly involved [in selling], and which was reasonably foreshadowed by his participation"[16] he would not have pleaded guilty, and contends that his counsel was ineffective for failing to provide him with this advice.

    Hart cannot demonstrate that he would not have pleaded guilty but for his counsel's allegedly ineffective advice, and therefore cannot show prejudice as required under the second prong of the *Strickland/Hill* test.  First, in the factual basis Hart admits to the amount of drugs that he, himself, distributed or possessed with intent to distribute.  Hart stipulates that "the amounts the Government could prove that Hart distributed or possessed with intent to distribute are five (5) kilograms of cocaine and four hundred (400) pounds of marijuana."[17]  Hart also stipulates to the quantity of drugs involved in the entire conspiracy.  He agrees that he "participated in a drug organization that conspired to obtain and distribute between fifteen (15) kilograms and fifty (50) kilograms of cocaine hydrochloride ("cocaine") and over one thousand (1000) pounds of marijuana."[18]  Hart signed the factual basis.  Documents signed by the defendant at the time of the guilty plea are entitled to

---

[16]   *Id.*

[17]   R. Doc. 77.

[18]   *Id.*

"great evidentiary weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Further, Hart swore under oath that he read the factual basis, reviewed it with his attorney, and the facts contained in the factual basis were correct. These declarations in open court are presumed to be truthful and "constitute a formidable barrier in any subsequent collateral proceedings." *See Blackledge,* 431 U.S. at 74. The factual basis does not state that five kilograms of cocaine is the quantity that Hart "knew or should have known"[19] was involved in the conspiracy, nor is the five kilogram quantity in any way attributed to the broader conspiracy. Rather, five kilograms is the quantity Hart handled himself. By Hart's own sworn admissions, he was personally and directly involved with distributing the requisite amount of cocaine. Even if Hart could establish that his attorney failed to appropriately advise him regarding the requirements of drug-related conspiracies, Hart cannot demonstrate that he was prejudiced as a result of this advice.

Second, the government would have been able to prove that the scope of the conspiracy involved at least five kilograms and that quantity was reasonably foreseeable to Hart. The factual basis and the PSR contain sufficient evidence to reach this conclusion. Hart made no objections to any factual information

---

[19] R. Doc. 271.

contained in the PSR,[20] and the Court again emphasizes that Hart's sworn admissions in the factual basis are presumed to be truthful.  First, Hart verified and corroborated his participation in the conspiracy and, as articulated previously, the amount of drugs that the government could demonstrate Hart distributed or possessed with intent to distribute.[21]  Further, Hart stipulated that his prices were based on kilos, and that he paid Bolden, his supplier, between $16,500 dollars and $17,000 per kilo of cocaine.[22]  In the factual basis, a quarter kilo transaction between Hart and Bolden serves as an example of the type of drug transactions in which Hart was involved.[23]  The PSR stated that there were numerous telephone calls among Hart, Bolden, Carter and Bossier in which drug transactions were arranged.  Indeed, during the period between December 14, 2006 and January 21, 2007, there were 230 intercepted calls between Hart and his supplier, Bolden.[24]  "Direct evidence of a

---

[20]    Hart made three objections.  He objected to two assignments of criminal history points and to the section of the report related to factors warranting departure, asserting that if the government were to dismiss the bill of information charging him with an earlier felony drug conviction, a different mandatory minimum would apply.

[21]    *Id.*

[22]    R. Doc. 77.

[23]    *Id.*

[24]    PSI Report at ¶ 43.

conspiracy is unnecessary; each element may be inferred from circumstantial evidence." *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994). Taken together, this information is more than sufficient to show that the scope of the conspiracy involved at least five kilograms and that such a quantity was reasonably foreseeable to Hart. Hart cannot show prejudice on these facts.

Finally, if Hart had not pleaded guilty, he would have faced a mandatory minimum life sentence upon conviction. When a person is convicted of violating 21 U.S.C. § 841(b)(1)(A) "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence." Hart had three earlier drug convictions. If the government had charged and convicted Hart with committing the instant offense after two or more earlier felony drug convictions, Hart's mandatory minimum sentence would have been life imprisonment. Under the plea agreement, by contrast, Hart's mandatory minimum sentence was twenty years imprisonment. When the advantages of accepting the plea agreement are weighed against the record evidence, the Court must conclude that Hart has not established a reasonable probability that he would have proceeded to trial but for the allegedly inadequate advice of his attorney.

    *2. Appellate Counsel*

Hart also argues that his appellate counsel was ineffective for failing to raise the argument of the sufficiency of the Government's factual basis. Hart explicitly waived his right to make such an argument in his plea agreement.[25] The only ineffective assistance arguments that survive Hart's waiver of appeal and collateral challenge rights are assertions that "the claimed assistance directly affected the validity of th[e] waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Hart's argument that his appellate counsel was ineffective is not related to the knowing and voluntary nature of his guilty plea or his waiver of appellate rights. Indeed, Hart could not make such an argument because Hart was represented by different attorneys at the trial and appellate level. His appellate counsel was not involved with Hart's waiver or guilty plea. Therefore, Hart's waiver precludes consideration of this claim. Accordingly, the Court denies Hart's motion for post-conviction relief under section 2255.

D.  **Certificate of Appealability**

The Rules Governing Section 2255 Proceedings provide that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct

---

[25]    R. Doc. 81.

the parties to submit arguments on whether a certificate should issue." *Rules Governing Section 2255 Proceedings*, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336. With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

   Hart's motion does not satisfy these standards. Hart has identified no plausible grounds for his claim of ineffective assistance of counsel. Reasonable jurists would not find his arguments to be fertile grounds for debate.

**III. CONCLUSION**

For the foregoing reasons, Hart's motion is DISMISSED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 23rd day of August, 2011.

_____Sarah Vance_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE