UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIAN TYRONE HART | CRIMINAL ACTION |
| VERSUS | NO: 07-105 |
| UNITED STATES | SECTION: R |

**ORDER AND REASONS**

Before the Court is petitioner Dorian Hart's motion to appeal *in forma pauperis*. Because the petitioner did not indicate which issues he intends to pursue on appeal, the Court DENIES Hart's motion.

**I. Background**

On January 21, 2009, this Court sentenced Hart to twenty years of imprisonment for conspiracy to distribute five or more kilograms of a mixture or substance containing cocaine hydrochloride in violation of 21 U.S.C. § 846. Hart appealed this judgment, and on December 15, 2009, the Fifth Circuit affirmed Hart's conviction.[1] Hart then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[2] The Court denied Hart's habeas petition. Hart now seeks leave to

---

[1] R. Docs. 225, 256.

[2] R. Doc. 264.

appeal the district court's denial of his habeas petition *in forma pauperis*.[3]

**II. Standard**

A plaintiff may proceed in an appeal *in forma pauperis* when he "submits an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also* FED. R. APP. P. 24(a). A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue, that the appeal is frivolous or malicious, that the appeal fails to state a claim on which relief may be granted, or that the appeal seeks monetary relief against a defendant who is immune from such relief.[4] A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *See Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam); *see also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). The district court must inquire as to whether the costs of appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140;

---

[3] R. Doc. 282.

[4] *Id.* § 1915(e)(2).

2

*see also Walker v. Univ. of Tex. Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'") (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

**III. Discussion**

Hart's motion to proceed *in forma pauperis* indicates that he had an average monthly balance of $18.23 for the six months before the motion's filing. Hart reports no other accounts or resources and he is not employed. This suggests that he is unable to pay the costs of appeal.

Hart has not, however, indicated to the Court which issues he intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1) (requiring affidavit to "state the nature of the . . . appeal and affiant's belief that the person is entitled to redress"). Hart did not comply with these rules. *See, e.g., Smith v. School Bd. of Brevard County*,

2010 WL 2026071, at *1 (M.D. Fla. May 20, 2010); *United States v. One 2000 Land Rover*, No. 07-382, 2008 WL 4809440, at *2 (S.D. Ala. Oct. 24, 2008); *Wentworth v. Morgan*, 2007 WL 710167, at *1 (E.D. Ky. Mar. 7, 2007); *Carson v. AJN Holdings*, 2007 WL 843845, at *1-2 (E.D. Tenn. Mar. 19, 2007). Without a statement of the issues he intends to pursue on appeal, the Court cannot find that this appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *see also McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. Oct. 11, 1995) (failure to present arguments for appeal in IFP motion constitutes abandonment of those arguments).

**III. CONCLUSION**

Accordingly, the Court DENIES Hart's motion for leave to appeal *in forma pauperis*.

New Orleans, Louisiana, this ___16th___ day of February, 2012

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

4